**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUDY RESINOS-CHAVARRIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-878

Agency No.
A206-675-471

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 9, 2023
Pasadena, California

Before: W. FLETCHER and OWENS, Circuit Judges, and SCHREIER, District
Judge.[**]

Rudy Resinos-Chavarria, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals ("BIA") decision affirming the

Immigration Judge's ("IJ") decision that Resinos had not met his burden of proof

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

for asylum, withholding of removal, or relief under the Convention against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. Where the BIA cites *Burbano* and provides its own review of the evidence and the law, we review both the IJ and the BIA's decision. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review findings of fact for substantial evidence. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). The IJ or BIA's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Resinos argues he has established eligibility for asylum, withholding of removal, and relief under CAT. To succeed in an asylum claim, an applicant must prove he suffered past persecution or has a well-founded fear of future persecution in his country of nationality on account of a protected ground. To succeed in a withholding of removal claim, an applicant must prove a "clear probability" his life or freedom would be threatened in the country of removal because of a protected ground. *INS v. Stevic*, 467 U.S. 407, 429-30 (1984); *see* 8 U.S.C. § 1231(b)(3)(A). Membership in a particular social group ("PSG") is a protected ground. 8 C.F.R. § 208.13(b). To succeed in an asylum or withholding of removal claim, an applicant must further prove that his persecution was or would be at the hands of

the government or by "forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); *see also Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). To succeed in a claim for protection under CAT, an applicant must prove it is "more likely than not" he will be tortured upon return to his home country. 8 C.F.R. § 1208.16(c)(2). There must be sufficient state action involved in the torture. *Id.* § 208.18(a)(1) ("Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity . . . .").

Substantial evidence supports the BIA's determination that the Guatemalan government is able and willing to control the Zeta cartel, and that the Guatemalan government was not involved in the incidents here. This conclusion is fatal to all three of Resinos's claims. The Guatemalan Human Rights Report says Guatemala has a functioning police force and over 22,000 criminals in its prisons. The evidence shows that the Zeta cartel fears the police; the cartel members that threatened Resinos were running from the police and warned him not to report the incident. Because Resinos did not report the incident and it is therefore unlikely the government knew about it, any potential harm cannot be attributed to Guatemalan governmental action or acquiescence.

Resinos counters that the 2015 State Department Report on Human Rights

for Guatemala says impunity is widespread in Guatemala and further argues that the 22,000 criminals in prison comprise less than one tenth of one percent of the Guatemalan population. Resinos presents no evidence that the Guatemalan government is directly involved in his interactions with the Zetas. Under the deferential substantial evidence standard, the evidence Resinos presents does not compel reversal of the IJ and BIA's conclusions. *See Diaz-Escobar v. INS*, 782 F.2d 1488, 1493 (9th Cir. 1986).

Because we decide Resinos failed to establish the Guatemalan government is unwilling or unable to control the Zeta cartel, we need not reach the question of whether Resinos's proposed PSGs are valid or whether he failed to establish a nexus.

**PETITION DENIED.**